UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

ROLAND J. BRAGG,

    Debtor.
_____/

Case No. 18-20577-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION OF NORTHLAND AREA FEDERAL CREDIT UNION, SETTING ASIDE DECEMBER 18, 2019 ORDER, AND DENYING TRUSTEE'S MOTION FOR SANCTIONS (DOCKET NO. 87)

Northland Area Federal Credit Union ("Northland") requests that this Court reconsider an Opinion Granting in Part and Denying in Part Motion of Chapter 13 Trustee for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927 ("Opinion"). For the reasons stated in this Opinion, the Court grants this Motion.

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Reconsideration Standard

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be

1

granted.  To establish a "palpable defect," the moving party generally must point to a:  "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).  A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)).

<u>Analysis</u>

Northland argues that this Court should reconsider its Opinion for three reasons: (1) The Opinion found Northland responsible for attorney fees and costs; (2) The Court did not apply the appropriate standard under 28 U.S.C. § 1927; and (3) The complained of actions did not cause the costs incurred by the Trustee.  The Court has reviewed the instant Motion of Northland and has re-reviewed the pleadings and the audio recording of the May 30, 2019 hearing referenced in the Opinion.

Northland's first argument is well made.  28 U.S.C. § 1927 directs that an attorney may be required to satisfy personally the excess costs, expenses and attorneys' fees, not the party in question.  Here, the Opinion is at best unclear and does improperly direct sanctions against Northland.  Reconsideration is appropriate and the December 18, 2019 Order is set aside as to any inference that Northland must pay these costs, expenses, and attorneys' fees.

2

Northland's second and third arguments assume the sanctions should be directed to its counsel. To avoid additional expense, the Court continues its analysis as to Northland's counsel. To do so, the Court re-reviewed the audio recording of the May 30, 2019 hearing because the developments at that hearing led the Court to set deadlines for the parties and their counsel to act. And from the failure to act, as stated in the Opinion, the Court concluded Northland's counsel acted in a way to multiply the proceedings unreasonably and vexatiously.

This review led the Court to conclude that Northland's counsel could have acted quicker, as stated in the Opinion, but, upon reconsideration, the Court now concludes that this lack of speed does not meet the threshold of 28 U.S.C. § 1927. In particular, the May 30, 2019 hearing started with the tentative conclusion that the amount paid by the Debtor to Northland was $194.78, not $628.00, but that Northland needed to confirm that amount for its benefit and that of the Trustee. The Trustee initially stated that the payment of $194.78 would resolve the issues in good part, but as Northland's counsel pointed out, settlement of issues was elusive, which prompted the Trustee to state the payment of $198.74 would resolve the issues between him and Northland. The Court then set June 6, 2019 as the deadline for Northland to investigate and respond, which it did. While one could speculate why Northland's counsel did not confirm the $198.74 amount earlier or why a settlement offer in that amount was not made earlier, the Court did not set June 6, 2019 as the deadline to make such an offer. Instead, the Court set another status conference for June 10, 2019 with the hope that the better angels of the parties' nature would prevail such that further Court action was not necessary.

That result did not occur, but that shortcoming does not necessarily mean that Section 1927 sanctions are appropriate. The Court was reminded in the pleadings that virtually all of these issues were in flux, with multiple parties asserting claims and defenses. In this situation, while

Northland's counsel could have acted differently to avoid additional costs and attorney fees, the failure to do so does not meet the Section 1927 standard and likewise did not cause the additional costs and attorney fees.

For these reasons, the Court grants the Motion of Northland and sets aside the December 18, 2019 Order. The Trustee's Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927 is denied.

IT IS SO ORDERED.

**Not for Publication**

**Signed on January 24, 2020**

/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge